

# Fourth Court of Appeals
## San Antonio, Texas

February 12, 2014

No. 04-13-00708-CR

Enrique **GONZALEZ**, Jr.,
Appellant

v.

**THE STATE OF TEXAS,**
Appellee

From the 229th Judicial District Court, Duval County, Texas
Trial Court No. 12-CRD-36
Honorable Ana Lisa Garza, Judge Presiding

# O R D E R

Appellant is represented on appeal by retained attorney Ms. Marisol Carvajal-Garcia. Appellant's brief was originally due on February 10, 2014. On February 10, 2014, Ms. Carvajal-Garcia filed a motion requesting an extension of time in which to file appellant's brief thirty days after a corrected reporter's record is filed. Ms. Carvajal-Garcia also filed a letter with this court stating the names of the attorneys in a record of a hearing transcribed by Ms. Leticia Escamilla are incorrect "making it difficult to make reference to the proper question and answer." Ms. Carvajal-Garcia asserts she will send a separate letter to Ms. Escamilla stating the exact changes that need to be made. Ms. Carvajal-Garcia asks this court "to make a formal written request . . . for an amended transcript."

The motion for extension of time is GRANTED and Ms. Carvajal-Garcia is hereby ORDERED to file appellant's brief within thirty days of the filing of a corrected reporter's record by Ms. Escamilla. NO FURTHER EXTENSIONS WILL BE GRANTED.

Ms. Carvajal-Garcia's request that this court order Ms. Escamilla to file a corrected reporter's record is DENIED. Texas Rule of Appellate Procedure 34.6(e) provides for "Inaccuracies in the Reporter's Record":

(1) Correction of Inaccuracies by Agreement. The parties may agree to correct an inaccuracy in the reporter's record, including an exhibit, without the court reporter's recertification.

(2) Correction of Inaccuracies by Trial Court. If the parties cannot agree on whether or how to correct the reporter's record so that the text accurately discloses what occurred in the trial court and the exhibits are accurate, the trial court must--after notice and hearing--settle the dispute. If the court finds any inaccuracy, it must order the court reporter to conform the reporter's record (including text and any exhibits) to what occurred in the trial court, and to file certified corrections in the appellate court.

(3) Correction After Filing in Appellate Court. If the dispute arises after the reporter's record has been filed in the appellate court, that court may submit the dispute to the trial court for resolution. The trial court must then proceed as under subparagraph (e)(2).

TEX. R. APP. P. 34.6(e).

Ms. Carvajal-Garcia does not indicate whether she has conferred with the State regarding the alleged inaccuracies; therefore, there is, as yet, no "dispute."

Accordingly, Ms. Carvajal-Garcia is hereby ORDERED to confer with the State regarding the changes she believes are necessary no later than February 18, 2014.

Assuming Ms. Carvajal-Garcia and the State can agree to any changes, Ms. Carvajal-Garcia is further ORDERED to provide Ms. Escamilla with a written agreed request for a corrected reporter's record no later February 19, 2014. Ms. Carvajal-Garcia is also ORDERED to provide this court with a copy of the request no later than February 19, 2014.

Upon receipt of the request for a corrected reporter's record, Ms. Escamilla is hereby ORDERED to file the corrected record no later than February 28, 2014.

If Ms. Carvajal-Garcia and the State cannot agree to any changes, Ms. Carvajal-Garcia is hereby ORDERED to file with this court a motion requesting this court to submit the dispute to the trial court for resolution no later than February 19, 2014.

_Sandee Bryan Marion_
Sandee Bryan Marion, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 12th day of February, 2014.

_Keith E. Hottle_
Keith E. Hottle
Clerk of Court